IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
Eastern Division



| | |
|---|---|
| In Re: | In Proceedings Under Chapter 7 |
| DAVID ALLEN ROSENBERG, | Case No.: 05-23111 |
| Debtor. | |
| DENTRUST DENTAL INTERNATIONAL | Adv. Proc. No. 05-1587 |
| Plaintiff, | CHIEF JUDGE RANDOLPH BAXTER |
| v. | |
| DAVID ALLEN ROSENBERG, | |
| Defendant. | |

## MEMORANDUM OF OPINION AND ORDER

Before the Court is the Plaintiff Dentrust Dental International's Complaint to Determine Dischargeability of Debt. After the conclusion of a duly notice trial proceeding, an examination of the evidence submitted and a review of the record, generally, the following factual findings and conclusions of law are rendered:

\*

David Allen Rosenberg, a dentist, filed a voluntary Chapter 7 petition for relief on August 30, 2005. He scheduled a debt owed to Plaintiff Dentrust Dental International in the amount of $250,000.00. The Debtor's schedules indicated that the debt was based on alleged breach of

contract and was disputed. Plaintiff filed a Complaint to Determine Dischargeability of Debt on November 2, 2005, seeking a determination that the debt owed to it was nondischargeable pursuant to 11 U.S.C. §§ 523(a)(6) and (a)(7). This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and General Order No. 84 of this District. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (O).

\*\*

Dentrust provides portable dental services to various governmental entities. Dentrust and the Debtor entered into an Employment Contract on May 15, 1999. [Ex. 5]. The Debtor was formerly employed by Dentrust as a dentist and was provided dental clients to service. [Ex. 2]. The Employment Contract contained a non-compete agreement, which stated in pertinent part that:

> The Employee agrees that during the term of his agreement and after termination of the Employee's employment under this Agreement for any reason for a period of two (2) years thereafter, the Employee shall not, unless acting pursuant hereto or with the prior written consent of the Board of Directors of the Company, directly or indirectly as an individual, partner, corporation, officer of corporation or in any capacity whatsoever: (a) solicit business from or contract with or perform services for, any persons, patients, company, correctional institution or other private or governmental entity which at any time during the Employee's employment by the Company (i) is or was a client or customer or patient of Company, or Dentrust Dental International, Inc . . . or (ii) has or had a contractual arrangement with Company . . . .

[Ex. 5]. The Employment Contract also contained a liquidated damages provision indicating that if the Debtor breached the non-compete agreement, the Debtor agreed to pay Dentrust $250,000.00. *Id.*

On November 10, 2002, the Debtor informed Dentrust that he intended to resign. [Ex. 2]. His resignation was effective January 31, 2003. On April 28, 2003, Dentrust sought a preliminary injunction against the Debtor in the Court of Common Pleas of Buck County,

Pennsylvania. Dentrust alleged that the Debtor was violating the non-compete agreement in the Employment Contract by providing services to Dentrust customers. [Ex. 2]. After conducting a hearing at which Dentrust offered testimony and evidence, the state court granted Plaintiff's request for a preliminary injunction, making specific findings that Debtor was bound by the non-compete agreement and that he had violated such agreement when he provided services to Annsville Residential Center, a Dentrust customer. [Ex. 2]. The court stated that "[r]elief, we believe, is therefore necessary to prevent immediate and irreparable harm which cannot be compensable to Dentrust by monetary damages . . . We believe upon the state of this record, and only upon the state of this record . . . that the wrong by Dr. Rosenberg is manifest that the injunction is reasonably suited to abate that wrong and that the activity sought to be enjoined is therefore actionable by Dentrust." [Ex. 5].

On October 8, 2003, Dentrust filed a Complaint in Equity in the Court of Common Pleas of Bucks County, Pennsylvania, alleging, inter alia, that the Debtor had breached the terms of his non-compete agreement by providing portable dental services for existing clients of Dentrust. [Ex. 2].

On January 10, 2005, the court conducted a hearing on Dentrust's petition to find the Debtor in contempt of the April 28, 2003 order. On January 11, 2005, the state court found Debtor in contempt of the April 28, 2003 injunction. Specifically, the court found that the Debtor and his partner, Dr. Montgomery, had

> continued willfully, clearly, to violate this Court's order. Dr. Rosenberg, as we said previously, has attempted to establish a relationship to provide residential dental services by a ruse, and that is by using Dr. Montgomery in his stead. . . . Court orders have to be obeyed, and you have both flagrantly decided not to follow that course. . . . Dr. Rosenberg was not permitted to provide these services to prior customers or clients of Dentrust for a period of two years. He entered into

3

that agreement, as we stated, at arm's length. He willfully signed it, and most importantly, he was well compensated for his services on behalf of Dentrust. If I let Dr. Rosenberg and Dr. Montgomery walk away from this Order, then I may as well not have issued an Order, but I will not let them walk away. We grant the motion for sanctions. We find as a fact that the evidence of their violation of the existing preliminary injunction is abundant, clear, and unmistakable.

[Ex. 3]. By further written order, the court stated that

> In the present case, the goodwill established by Dentrust is precisely the kind of interest which should be protected because it is subject to irreparable harm by the willful and intentional illegal acts of Appellants. Court Orders have to be obeyed, and Appellants have both flagrantly decided not to follow that course. . . . This Court finds that prior to Rosenberg's resignation from his employment with Dentrust, Appellants Rosenberg and Montgomery entered into an illegal scheme and conspiracy, the objective of which was to interfere with the contractual relationships between Dentrust's present and prospective clients. Even after this Court specifically enjoined that conduct, both Defendants willfully disregarded that Order.

[Ex. 2].

Consistent with the court's above quoted ruling, the court sanctioned the Debtor $250,000.00 in accordance with the liquidated damages provision in the noncompete agreement. The sanction was entered against the Debtor and in favor of Dentrust. [Ex. 3]. The court also sentenced Debtor to six months in jail until he purged himself of his contempt by providing an accounting of all monies received from any residential facilities in New York and proof that all relationships with those facilities had been severed. *Id.*

\*\*\*

The dispositive issue for the Court is whether the Debtor should receive a discharge of the $250,000.00 contempt sanction.

\*\*\*\*

4

The party seeking to have a debt declared nondischargeable bears the burden of proving by a preponderance of the evidence that the debt falls within one of the statutory exceptions. *Grogan v. Garner*, 498 U.S. 279, 291 (1991).

*****

Plaintiff first seeks to have its debt declared nondischargeable pursuant to 11 U.S.C. § 523(a)(6), which states in pertinent part that:

> **(a)** A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–
>
> > (6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

11 U.S.C. § § 523(a)(6).

The Supreme Court's ruling in *Kawaahua v. Geiger*, 523 U.S. 57, 118 S.Ct. 974 (1998) established that unless "the actor desires to cause consequences of his act, or ... believes that the consequences are substantially certain to result from it, he has not committed a 'willful and malicious injury' as defined under § 523(a)(6)." *See In re Markowitz*, 190 F.3d 455, 464 (6th Cir. 1999)(interpreting the Supreme Court's *Geiger* decision). In other words, a debtor's conduct is "willful" for purposes of § 523(a)(6) only when the debtor intended his conduct and the resulting consequences of that conduct. *Geiger, supra*. A debtor is deemed to have acted "maliciously" for purposes of § 523(a)(6) of the Bankruptcy Code when his action is taken in conscious disregard of his duties or without just cause or excuse. *Murray v. Wilcox*, 229 B.R. 411, 419 (Bankr.N.D. Ohio 1998).

The doctrine of collateral estoppel is applicable in dischargeability proceedings. *Grogan*, 498 U.S. at 284. The doctrine of collateral estoppel "precludes relitigation of issues of fact or

5

law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action." *Markowitz*, 190 F.3d at 461 (quotations omitted.) In the Sixth Circuit, "application of collateral estoppel in a nondischargeability action depends upon whether the applicable state law would give collateral estoppel effect to the judgment." *In re Sarff*, 242 B.R. 620, 624 (6th Cir. BAP 2000).

Under Pennsylvania law, collateral estoppel applies where: 1) the issue decided in the prior case is identical to the one presented in the latter case; 2) there was a final judgment on the merits; 3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; 4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and 5) the determination in the prior proceeding was essential to the judgment. *R.W. and C.W., v. Manzek*, 585 Pa. 335, 350 (2005). Further, a contempt order is a final appealable order under Pennsylvania law. *Stahl v. Redclay*, 897 A.2d 478, 487 (Pa. Super. Ct. 2006).

The violation of a court order that results in an order of contempt has been found to satisfy the willful and malicious requirements of § 523(a)(6). *See e.g., Sarff, supra*, at 627-28 (continuing violations of injunction "is an aggravating circumstance which warrants an inference of malice."); *Seimer v. Nangle (In re Nangle)*, 274 F.3d 481, 484 (8th Cir. 2001)(finding contempt judgment nondischargeable where state court that entered order found the debtor's conduct willful and malicious because it was targeted at the creditor and almost certain to cause harm); *Heyne v. Heyne, (In re Heyne)* 277 B.R. 364, 369 (Bankr.N.D. Ohio 2002)("a finding of contempt-which at the very least requires that the alleged contemnor must have knowingly disobeyed the underlying order-clearly lends itself to a finding of a deliberate and intentional

act."); *Bundy American Corporation v. Blankfort*, 217 B.R. 138, 145 (Bankr.S.D.N.Y. 1998)(the "existence of the Injunction Order and the defendants' defiance of it removes the Contempt Judgment from the category of ordinary judgments for violation of common law or statutory duties . . . the Debtors' persistent violations of the Injunction Order . . . constitute the type of aggravating circumstances with the courts in the Second Circuit and elsewhere have found to be sufficient to satisfy the 'malicious' requirement."); *Buffalo Gyn Womenservices, Inc. v. Behn*, 242 B.R. 229, 238 (Bankr.W.D.N.Y. 1999)("when a court . . . issues an injunction . . . telling a specific individual what actions will cross the line into injury to others, then damages resulting from an intentional violation of the order are ipso fact the result of a 'willful and malicious injury'"); *Haeske v. Arlington (In re Arlington)*, 192 B.R. 494 (Bankr.N.D.Ill. 1996)(intentional failure to comply with court directives contained in an injunction order satisfies the definition of "willful and malicious"); *Shteysel v. Shteyesel (In re Shteyesl)*, 221 B.R. 486 (Bankr.E.D.Wis. 1998)(same).

*****

Herein, the requirements of collateral estoppel are satisfied and the Debtor is estopped from disputing or otherwise challenging the contempt order issued in the state court action. It is undisputed that the Debtor appeared at the hearing on Dentrust's petition for contempt. In fact, a bench warrant was issued in order to secure his presence and the Debtor was jailed after the hearing until he purged himself of the contempt. [Ex. 3]. It is further undisputed that the Debtor was represented by counsel at the contempt hearing and that the court took evidence. [Ex. 3]. Accordingly, the Debtor had a full and fair opportunity to litigate the issue of his contempt at the contempt proceeding. And although the state court has not ruled on the merits of Dentrust's

complaint in equity, the contempt order itself was a final appealable order under Pennsylvania law. *Stahl* 897 A.2d at 487. There is no evidence before this Court that the Debtor successfully challenged the contempt order. Finally, the state court's finding that the Debtor willfully violated the injunction and that Dentrust suffered irreparable harm was essential to the judgment in favor of Dentrust and against the Debtor in the amount of $250,000. [Ex. 3]. Accordingly, the elements of collateral estoppel are satisfied and a Pennsylvania state court would give preclusive effect to the contempt judgment.

Next this Court must determine whether the findings made by the state court in the contempt proceeding satisfy the dischargeability requirements under § 523(a)(6). *Nangle*, 274 F.3d at 484. The state court made specific findings regarding the Debtor's violation of the preliminary injunction that satisfy the requirements of § 523(a)(6). The court found that the Debtor had willfully violated the preliminary injunction and had entered into an "illegal scheme and conspiracy, the objective of which was to interfere with the contractual relationships between Dentrust's present and prospective clients." Herein, the Debtor knew, based on the preliminary injunction, the very conduct which he was required to cease, yet he continued to engage in such conduct. The state court found this conduct to be willful and in direct violation of the state court order. Such action satisfies the willful requirement of § 523(a)(6). *Heyne*, 277 B.R. at 369.

Further, the violation of the preliminary injunction warrants an inference of malice. *Sarff*, 242 B.R. at 627-28. The Debtor testified that he relied on advice of counsel after the preliminary injunction issued (Debtor, Cross). That, however, is not just cause or excuse for violating the state court injunction, which clearly delineated the actions the Debtor was required to cease. *Haeske v. Arlington (In re Arlington)*, 192 B.R. 494, 500 (Bankr.N.D.Ill. 1996)("If Congress had

8

intended to provide debtors with an affirmative defense based on the advice of their attorneys it could have so expressly legislated.") *See also, Peabey Assocs., ACP v. Haisfield (In re Haisfield Enters. of Fla.)*, 154 B.R. 803, 809 (Bankr.S.D.Fla. 1993)("Where there are specific findings of willful, bad faith conduct by the party, reliance on the advice of counsel as a defense to a § 523(a)(6) claim must fail.")

Finally, the state court specifically found that Dentrust suffered irreparable injury to its goodwill and issued the $250,000.00 contempt sanction in favor of Dentrust and against the Debtor. This finding satisfies the requirement of injury for purposes of § 523(a)(6). Although the Debtor argued that Dentrust failed to prove actual damages, the contempt sanction was consistent with the liquidated damages provision in the non-compete agreement and the state court relied on this provision in determining the appropriate sanction amount. [Ex. 3]. Given that the contempt order was a final appealable order, this Court will not revisit the state court's decision in that regard.

Having found that the requirements pursuant to § 523(a)(6) have been met, it is unnecessary to consider whether the debt is also nondischargeable pursuant to § 523(a)(7). However, that provision renders nondischargeable a fine "payable to and for the benefit of a governmental unit." Herein, the state court entered judgment in favor of Dentrust, which is not a governmental unit. Therefore, Dentrust's complaint as it relates to § 523(a)(7) is not well-premised.

*****

Accordingly, the Plaintiff's complaint to have the debt owed to it declared nondischargeable pursuant to 11 U.S.C. § 523(a)(6) is well-premised. Accordingly, judgment is hereby rendered in favor of the Plaintiff, as determined herein. The debt owed to Plaintiff Dentrust in the amount of $250,000.00 is hereby found to be nondischargeable. The Debtor's opposition to the relief sought is hereby overruled.

**IT IS SO ORDERED.**

Dated, this 23d day of July 2007

/s/ Randolph Baxter
JUDGE RANDOLPH BAXTER
CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT